

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**October 8, 2021 15:09**

By: HOWARD D. MISHKIND 0009238

Confirmation Nbr. 2372066

| | |
|---|---|
| RANDY ROSEN, ADMIN OF ESTATE OF RITA ROSEN | CV 21 954152 |
| vs. | |
| MONTEFIORE, ET AL | **Judge:** MICHAEL P. SHAUGHNESSY |

**Pages Filed:** 12

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| RANDY ROSEN, Administrator of the ESTATE OF RITA ROSEN<br>6005 Whiteford Road<br>Highland Heights, Ohio 44143<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>MONTEFIORE<br>One David N. Myers Parkway<br>Beachwood, Ohio 44122<br><br>and<br><br>THE MONTEFIORE HOME<br>c/o Seth R. Vilensky<br>One David N. Myers Parkway<br>Beachwood, Ohio 44122<br><br>and<br><br>THE MONTEFIORE FOUNDATION<br>c/o Seth R. Vilensky<br>One David N. Myers Parkway<br>Beachwood, Ohio 44122<br><br>and<br><br>THE MONTEFIORE HOUSING CORPORATION<br>c/o Seth R. Vilensky<br>One David N. Myers Parkway<br>Beachwood, Ohio 44122<br><br>and<br><br>THE MENORAH PARK FOUNDATION<br>c/o Taft Services Solutions Corp.<br>425 Walnut Street, Ste.,1800<br>Cincinnati, Ohio 45202 | CASE NO.:<br><br>JUDGE:<br><br><u>COMPLAINT FOR MEDICAL MALPRACTICE AND/OR NURSING HOME NEGLECT AND WRONGFUL DEATH</u><br><br>MOTION FOR EXTENSION OF TIME TO FILE AN AFFIDAVIT OF MERIT<br><br>*(Jury Demand Endorsed Hereon)* |

| | |
|---|---|
| and | ) |
| | ) |
| ARIEL S. HYMAN | ) |
| 24712 Beechmont Court | ) |
| Beachwood, Ohio 44122 | ) |
| | ) |
| and | ) |
| | ) |
| TINA R. KING | ) |
| 1349 Newton Street | ) |
| Tallmadge, Ohio 44278 | ) |
| | ) |
| and | ) |
| | ) |
| MARIE GELLE | ) |
| 199 Kenwick Drive | ) |
| Northfield, Ohio 44067 | ) |
| | ) |
| Defendants. | ) |

Now comes Plaintiff, Randy Rosen, Individually and as Administrator of the Estate of his mother Rita Rosen by and through her attorneys and for her Complaint against the above-named Defendants, states and avers as follows:

**FIRST CAUSE OF ACTION - SURVIVAL CLAIM**

1. Plaintiff, Randy Rosen ("Plaintiff") is the duly appointed administrator of the Estate of Rita Rosen ("Decedent") by the Probate Court of Cuyahoga County, Ohio Case No. 2021EST257146), and brings this First Cause of Action as a claim pursuant to R.C.2125.01 for Medical Malpractice, nursing home neglect, violation of Ohio Nursing Home Patient's Bill of Rights, R.C. 3721.01 et seq and for other reckless and/or wanton misconduct and/or malicious and intentional misconduct which exposed Decedent to avoidable and preventable harm and exposure to SARS-

COV2 and other wanton and reckless acts of neglect that caused Decedent to suffer profound injury and eventual death

2. At all times material, Defendant Montefiore is and was a nursing home located at One David N. Myers Parkway, Beachwood, Ohio where Decedent was a resident and/or stayed and/or was provided care at.

3. At all times material, Defendants, The Montefiore Foundation, The Montefiore Home, The Montefiore Housing Corporation, and Menorah Park Foundation, were and remain corporations and/or other legal entities duly organized and existing pursuant to the laws of the State of Ohio, that operated health care facilities located with in Cuyahoga County, Ohio, and held themselves out as a provider of medical care services to the public including Decedent. More specifically, said Defendants owned, operated and or otherwise controlled the nursing home called Montefiore or The Montefiore Home, where Decedent was a resident, such that they are directly and vicariously liable for any negligence, recklessness, intentional acts or other misconduct that caused harm to Plaintiff's decedent.

4. At all times material, Defendant Ariel Hyman was an administrator for Montefiore practicing in the State of Ohio. Said Defendant held himself out to the public, including Plaintiff and decedent as having the requisite skills to render quality care and to administer the functions as a nursing home administrator. At all times, material, he was the administrator of the nursing home where decedent was a patient and as such owed decedent a duty to render safe and quality care in his capacity as the administrator.

5. At all times material, Defendant Tina King was a nurse duly licensed and practicing in the State of Ohio. She owed a duty to the decedent to provide safe and competent care.

3

6. At all times material, Defendant Marie Gelle was a nurse duly licensed and practicing in the State of Ohio. She owed a duty to the decedent to provide safe and competent care.

7. At all times material, Montefiore employed and/or contracted with physicians, nurses, and other medical care providers who provided medical care to Decedent, including but not limited to Defendant King and Gelle and in so doing, said physicians, nurses, and other medical care providers were action within the course and scope of the duties of their employment and/or agency relationship with Defendants Montefiore such that said Defendants are liable for their conduct pursuant to the doctrine of *respondeat superior* and/or ostensible agency.

8. At all times material, all the medical care and services that were provided to Decedent that are the subject of this Complaint were understood by Plaintiff and Decedent to be provided by the named Defendants and took place at facilities owned and/or operated by Montefiore.

9. Pursuant to Civ. R. 10(D)(2)(b), Plaintiff has filed simultaneously herewith a Motion for Extension of Time to File Affidavit of Merit and Plaintiff moves herein for an extension of time to provide an affidavit of merit as Plaintiff is still in the process of collecting medical records, and has not received Defendant's records as of yet. Plaintiff needs to have said records reviewed by an expert for purposes of providing an affidavit of merit. Moreover, the ongoing pandemic has caused delays.

10. Defendants acted with recklessness and conscious disregard for the consequences to Decedent and other residents with regard to SARS-COV2 -Covid-19 quarantine procedures, SARS-COV2 -Covid-19 containment procedures and falsified and or intentionally hid the results of SARS-COV2 -Covid-19 testing thereby putting

4

Decedent and others at risk of contracting SARS-COV2 -Covid-19 and putting Decedent at risk of serious injury and death.

11. All Defendants were responsible for proving medical care and treatment to Decedent from on or about July 21, 2020, to November 3, 2020. All Defendants were responsible for being careful and not acting negligently and recklessly during Decedent's stay with them from on or about July 21, 2020, to November 3, 2020.

12. Decedent was a resident of Montefiore for over eight (8) years. She relied on Defendants to provide her with safe and standard care, and treatment and to protect her from avoidable harm. All Defendants held themselves out as competent to provide nursing and medical care and treatment to the public and to provide nursing and medical care and treatment to Plaintiff's decedent while a resident at Defendant's facilities.

13. On February 21, 2020, the Centers for Disease Control ("CDC") issued COVID-19 recommendations for health care professionals, which included infection prevention and control policies and recommendations for implementation of precautions.

14. On March 9, 2020, Ohio Governor Michael DeWine issued Executive Order 2020-01D declaring a state of emergency in Ohio to protect the well-being of the citizens of Ohio from the dangerous effects of COVID-19 and authorizing the Ohio Department of Health and State Agencies to implement procedures to alleviate the public health threat.

15. On March 11, 2020, the WHO declared COVID-19 a global pandemic.

16. On April 3, 2020, the Ohio Department of Health provided a Pre-Surge Tool Kit to all long-term health care facilities, including Montefiore facility that included but not limited to the following items:

   a. Patient/Résident Population Assessment Checklist

   b. Personal Population Risk Assessment Checklist

   c. Assessment of COVID-19 Clinical Level of Severity (NEWS2)

   d. Scoring Matrix for NEWS2

   e. COVID-19 Symptom Monitoring Log

   f. Patient/Resident Transfer Checklist

   g. Tips for Staff Attire and Personal Protective Equipment (PPE)

   h. PPE Quick Guide- Contingency Capacity and Crisis Capacity

   i. Tips for Cleaning and Disinfecting Homes and Congregate Care Settings.

17. The recommendations and Pre-Surge Tool Kit that included the above items were for direct patient safety and benefit of patients such as Plaintiff's decedent Rita Rosen

18. While it is believed that Defendants implemented some restrictive protocols intended to protect the health and well-being of nursing home residents and employees, upon information and belief, they did not implement all of the protocols and those that were implemented were not enforced and followed.

19. In addition, upon information and belief, Defendant's facility was understaffed and reports of staffing concerns were reported to supervisors and the concerns were ignored.

20. According to public statements from Defendant's employees, Defendant's COVID-19 protocols were ignored and Defendants' "Point of Care" testing machine was not used or was used on a limited basis thereby preventing the reporting of COVID-

19 test results within minutes instead of hours, thus further preventing the spread of the infection within its facility.

21. According to public statements, Defendants refused to use the nursing home's own "Point of Care" testing machine, fearing it would reveal too many positive results.

22. Montefiore and the Defendants, were negligent, reckless, and acted with malicious intent improperly implementing SARS-COV2 and/or any other forms of Covid-19 or Covid-19 related illness prevention measures. Moreover, they acted negligently, recklessly, and with malicious intent in conducting improper testing and falsifying test results. They intentionally hid the fact that other patients and/or residents of Montefiore had SARS-COV2 and/or any other form of Covid-19 or Covid-19 related illness.

23. As a result, Decedent and others were unnecessarily exposed, without their knowledge, to SARS-COV2 and/or any other form of Covid-19 or Covid-19 related illness. Defendant's actions show a lack of care so great that it is a conscious indifference to the rights of others and gross and willful negligence. Moreover, Defendants showed reckless disregard for the consequences so as to affect the life or health of Decedent and acted with intentional misconduct or willful or wanton misconduct.

24. As a direct and proximate result of the actions of Defendants described above, Decedent contracted SARS-COV2 on or about October 19, 2020 and was placed in an isolation unit at Defendant's facility rather than being transferred to a hospital for more intensive treatment.

25. All Defendants failed to provide safe medical, diagnostic, and preventative care to Plaintiff's Decedent.

26. All Defendants had a duty to provide safe medical care to and to be reasonably careful when providing medical care and treatment to Decedent and all Defendants failed to recognize the need for treatment to decedent when she exhibited signs and symptoms of Covid-19 further causing her undue pain and suffering.

27. All Defendants had a duty to avoid causing injury to Decedent and had a duty to prevent avoidable harm to Decedent.

28. Defendants, jointly and/or severally, themselves and/or by and through their employees and/or agents, failed to properly provide appropriate infection control measures, infection prevention measures, quarantine, and infection testing at a time when such medical care, treatment, and attention was required.

29. All Defendants, jointly and/or severally, were negligent in their care and treatment of Decedent by, *inter alia*, negligently, recklessly, and maliciously exposing him to covid.

30. Between October 19, 2020 and November 1, 2020 Plaintiff's Decedent's condition deteriorated while she was in the isolation unit at Defendant's facility and she passed away of COVID-19 related complication on November 1, 2020.

31. Defendants Montefiore and Menorah Park were negligent in failing to employ and/or contract with individuals who could and would treat Decedent with the same level of care that other reasonably careful medical providers and physicians would provide under the same circumstances.

32. Defendants, Montefiore and Menorah Park themselves and/or through their employees and/or agents, including but not limited to those listed herein, failed to properly provide medical services, failed to provide appropriate staffing, and failed to have proper protocols and policies in place.

33. Defendants, Montefiore and Menorah Park and all named Defendants were negligent in failing to employ individuals who could and would treat Decedent in accordance with accepted practices of health care facilities.

34. Defendants recklessly and with malicious intent improperly implemented SARS-COV2 related illness prevention measures and conducted improper testing and falsifying tests and further hid the fact that other patients had been exposed to SARS-COV2.

35. Defendants' conduct shows a reckless disregard for the consequences so as to affect the life and health of decedent and they acted with intentional misconduct. Their acts and or omissions represent a conscious indifference to the rights of others including but not limited to Decedent.

36. Defendants negligently and recklessly failed to establish appropriate standards for physicians, nurses, aides, and/or other medical providers who were employed by and/or were in a contractual relationship with said Defendants to provide medical care to the public from the Montefiore facilities.

37. Pursuant to the Ohio Nursing Home Patients' Bill of Rights, R.C. 3721.01 *et seq.*, Decedent had the right to, among other things, a safe living environment and adequate and appropriate medical treatment and nursing care.

38. The acts of the Defendants violated Decedent's rights guaranteed by the Ohio Nursing Home Patients' Bill of Rights, R.C. 3721.01 *et seq.*, directly and proximately causing her damages.

39. Defendant's breached various Ohio Administrative Code Standards set forth to protect patients such as Plaintiff's decedent, Rita Rosen, which includes but is not limited to OAC 3701-17-11(A).

Electronically Filed 10/08/2021 15:09 / / CV 21 954152 / Confirmation Nbr. 2372066 / CLCKD

40. As a direct and proximate result of the collective and/or individual negligence and/or intentional misconduct of Defendants, jointly and severally, by themselves and/or through their employees and/or agents, Decedent was not provided proper medical treatment commensurate with the requisite standard of care, and suffered injuries and damages including, but not limited to her untimely death. The conduct of the Defendants was intentional and or willful and or wanton misconduct and represented a conscious disregard for the welfare of patients, including decedent and as a consequence, decedent was damaged and injured and caused to suffer irreparable harm and loses resulting eventually in her demise for which her Estate demands damages both compensatory and punitive as a consequence of the events set forth in Count One.

## COUNT TWO – WRONGFUL DEATH

41. Plaintiff incorporates herein by reference all of the statements and allegations contained in Count One and further say as follows.

42. Plaintiff brings this Count Two pursuant to Ohio Revised Code § 2125.02(A)(1) as the personal representative/administrator of her mother's Estate. pursuant the State of Ohio's Wrongful Death and *et seq.* and R.C. 2305.21, for the benefit of Decedent's heirs, beneficiaries, and next of kin, who have suffered a loss of support, services, attention, and guidance, and who have endured mental anguish and have been otherwise damaged by the wrongful and untimely death of Decedent Rita Rosen on November 1, 2020.

43. As a direct and proximate result of Defendants' negligent, reckless and/or wanton acts and/or omissions as set forth in Count One, Decedent came wrongfully to her death November 1, 2020.

44. The Decedent's next-of-kin have been caused the loss of services, loss of society, including companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education of the Decedent.

45. In addition, the Decedent's next-of-kin have been caused to suffer severe mental anguish as a result of Decedent's death.

46. In addition, the Defendant's next-of-kin have incurred burial and funeral expenses all to the further damages of the Estate of the Decedent.

**WHEREFORE,** based upon the foregoing claims and averments, Plaintiff, requests judgment against all Defendants, jointly and/or severally, on all counts set forth above, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages, and exemplary and punitive damages as a result of the reckless and wanton and/or intentional misconduct and the fraudulent falsify tests results as alleged herein plus pre-and/or post-judgment interest, attorney fees, costs of litigation, and/or any and all other relief in law or equity that this Court may deem just and appropriate to adequately compensate Plaintiff in this matter.

Respectfully submitted,

*/s/ Howard D. Mishkind*
Howard D. Mishkind, Esq. (0009238)
David A. Kulwicki, Esq. (0041106)
Mishkind Kulwicki Law Co., L.P.A.
25550 Chagrin Blvd., #245
Cleveland, Ohio  44122
Phone:  216-595-1900
Fax:  216-595-1633
hmishkind@mishkindlaw.com
dkulwicki@mishkindlaw.com
*Attorneys for Plaintiff*

11

<u>JURY DEMAND</u>

Plaintiffs hereby request a Trial by Jury on this matter.

*/s/ Howard D. Mishkind*
Howard D. Mishkind, Esq. (0009238)
David A. Kulwicki, Esq. (0041106)

*Attorneys for Plaintiffs*

# <u>TO THE CLERK</u>

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL RETURN RECEIPT REQUESTED AT THE ADDRESSES LISTED IN THE CAPTION OF THE COMPLAINT.**

*/s/ Howard D. Mishkind*
Howard D. Mishkind, Esq. (0009238)
David A. Kulwicki, Esq. (0041106)

*Attorneys for Plaintiffs*